UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BYRON KEITH CHANT,

    Plaintiff,

v.

CLARK COUNTY JAIL, SERGEANT J. HUFF, COMMANDER RICHARD J. BISON, CHIEF JAIL ADMINISTRATOR BATTIES, and CUSTODY OFFICERS M. ADDY and E. BJORKMAN ,

    Defendants.

CASE NO. C12-5870 BHS-KLS

REPORT AND RECOMMENDATION
NOTED FOR:  APRIL 11, 2014

This matter has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Rules MJR 1, MJR 3, and MJR 4.  This matter comes before the court on Defendants' Motion for Summary Judgment.   Dkt. 21.  Plaintiff did not respond to Defendants' motion despite being given proper warnings regarding dispositive motions.  Dkt. 24.  The undersigned submits the following report and recommendation for the Court's review.

REPORT AND RECOMMENDATION - 1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 against the Clark County Jail, Sergeant J. Huff, Commander Richard J. Bison, Chief Jail Administrator Batties, and Custody Officers M. Addy and E. Bjorkman.  Plaintiff contends that his First and Eighth Amendment rights were violated when defendants removed him from his kosher diet as a sanction when they found that Plaintiff was not sincere in his religious beliefs.  Dkt. 7.  Plaintiff specifically states that he believes that he suffered an Eighth Amendment violation because of "harrassment [sic] from government employees due to race and religion." Dkt. 7, p. 5.

In early October of 2011 jail staff infracted Mr. Chant for violating his special diet agreement and on October 6, 2011, at a disciplinary hearing, jail officials found that he was sincere, in his religious beliefs.  Dkt. 7, p. 5.  Later that same day, October 6, 2011 Mr. Chant was again infracted and this time, at a hearing held on October 9, 2011 the jail officials found that Plaintiff was not sincere in his religious beliefs. Dkt. 7, p. 5.

Plaintiff states that his religious diet was quickly reinstated when jail officials realized that he had never signed a special diet agreement.  *Id*.  Plaintiff signed a special diet agreement on October 11, 2011 and he contends that within hours he was again infracted for violating the agreement.  *Id*.  Plaintiff admits that the store order he received October 11, 2011 contained non kosher food items, however, Plaintiff contends that after signing the special diet agreement he did not violate it, and that the food items on his store order had been ordered prior to his signing the agreement.  *Id*.  Plaintiff also admits that another inmate dropped a non kosher salad in a bag outside of his cell on October 11, 2011, but he contends he did not have a chance to eat any of the salad.  *Id*.  Plaintiff seeks one million dollars in damages.  *Id.*

Defendants contend that Clark County is not a person amendable to suit pursuant to 42 U.S.C. §1983, that the action of temporarily denying plaintiff his religious diet as a sanction

1  furthered legitimate government interests because plaintiff is not sincere in his religious beliefs,

2  and that they are entitled to qualified immunity from damages. Dkt. 21, p. 5.

3       Defendants' policy and procedure manual allows for religious diets on a case by case

4  basis. Dkt. 22, (Declaration of Jane Vetto, Exhibit 4). Defendants provide the Court with

5  Plaintiff's commissary orders for several days in October of 2011and the record shows that Mr.

6  Chant routinely ordered non kosher food items including pork rinds and cheese spread with hot

7  peppers. Dkt. 22 (Declaration of Jane Vetto, Exhibit 5). Defendants also provide the special diet

8  agreement signed by plaintiff on October 11, 2011. Dkt. 22 (Declaration of Jane Vetto, Exhibit

9  7); a copy of the infraction plaintiff received for taking salad from another inmate on October 11,

10 2011, Dkt. 22 (Declaration of Jane Vetto, Exhibit 8); and a copy of the disciplinary hearing

11 findings for a hearing held October 14, 2011 where plaintiff admitted to eating non kosher food

12 items after signing the special diet Agreement, Dkt. 22 (Declaration of Jane Vetto, Exhibit 9).

13 Plaintiff's special diet was suspended for thirty days. *Id*. Defendants provide information

14 showing that on November 11, 2011 plaintiff signed another special diet agreement and was

15 allowed kosher meals, Dkt. 22 (Declaration of Jane Vetto, Exhibit 11). Defendants contend that

16 on November 14, 2011 plaintiff was again infracted for ordering non kosher food items and that

17 he was again sanctioned to a thirty day loss of special diet but that plaintiff was transferred to

18 prison prior to serving the sanction. Defendants' provide portions of plaintiff's deposition

19 showing that plaintiff does not know what it means to keep kosher or eat kosher and he does not

20 know the religious basis for needing to eat kosher. Dkt. 22 (Declaration of Jane Vetto, Exhibit

21 2).

22                               **STANDARD OF REVIEW**

23      The Court shall grant summary judgment if the movant shows that there is no genuine

24 dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R.

1  Civ. P. 56(a).  The moving party has the initial burden of production to demonstrate the absence
2  of any genuine issue of material fact.  Fed. R. Civ. P. 56(a); *see Devereaux v. Abbey,* 263 F.3d
3  1070, 1076 (9th Cir. 2001) (en banc).  To carry this burden, the moving party need not introduce
4  any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the
5  absence of evidence to support the nonmoving party's case.  *Fairbank v. Wunderman Cato*
6  *Johnson*, 212 F.3d 528, 532 (9th Cir.2000).  A nonmoving party's failure to comply with local
7  rules in opposing a motion for summary judgment does not relieve the moving party of its
8  affirmative duty to demonstrate entitlement to judgment as a matter of law.  *Martinez v.*
9  *Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

10       "If the moving party shows the absence of a genuine issue of material fact, the non-
11  moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine
12  issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex*
13  *Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).  The non-moving party may not rely upon mere
14  allegations or denials in the pleadings but must set forth specific facts showing that there exists a
15  genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A plaintiff
16  must "produce at least some significant probative evidence tending to support" the allegations in
17  the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990).  A court
18  "need not examine the entire file for evidence establishing a genuine issue of fact, where the
19  evidence is not set forth in the opposing papers with adequate references so that it could
20  conveniently be found." *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031
21  (9th Cir. 2001).  This is true even when a party appears *pro se*.  *Bias v. Moynihan*, 508 F.3d
22  1212, 1219 (9th Cir. 2007).

23       Where the nonmoving party is *pro se*, a court must consider as evidence in opposition to
24  summary judgment all contentions "offered in motions and pleadings, where such contentions

REPORT AND RECOMMENDATION - 4

are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the party appearing pro se] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 820 (2005).

## DISCUSSION

### I. The Clark County Jail.

The Civil Rights Act, 42 U.S.C. § 1983, allows for suit against a person acting under the color of state law who deprives someone of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986).

42 U.S.C. § 1983 applies to actions of "persons" acting under color of state law. The language of §1983 is expansive and does not expressly incorporate common law immunities. *Owen v. City of independence, Mo*, 445 U.S. 622, 627 (1980). Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978). However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash. App. 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle,* 557 F. Supp.2d 1189, 1207 (W.D. Wash. 2008)(holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

In Washington responsibility for operating a county or city jail is set forth by statute:

> A city or county primarily responsible for the operation of a jail or jails may create a department of corrections to be in charge of such jail and of all persons confined therein by law, subject to the authority of the governing unit. If such

REPORT AND RECOMMENDATION - 5

> department is created, it shall have charge of jails and persons confined therein. If no such department of corrections is created, the chief law enforcement officer of the city or county primarily responsible for the operation of said jail shall have charge of the jail and of all persons confined therein.

RCW 70.48.090(4). Thus it appears the proper defendant would be either Clark County or the person in charge of the Jail, Commander Bison, who is a named defendant. The jail itself does not appear to be a proper defendant and Plaintiff has not contested Defendants' assertions. Accordingly, the Court recommends granting Clark County Jail's motion for summary judgment.

II.   Denial of religious diet.

Defendants argue that they need to provide religious meals only to persons whose religious beliefs are sincerely held. Dkt. 21, p. 7 *citing United States v. Seeger*, 380 U.S. 163, 184-84 (1965). The Ninth Circuit has held that a denial of religious meals does not implicate the First Amendment unless the prisoner's beliefs are sincerely held and rooted in religious beliefs. *Shakur v. Schriro*, 514 F.3d 878, 883-85 (9th Cir. 2008).

Defendants challenge the sincerity of plaintiff's religious beliefs and they provide the Court with evidence of a number of instances where plaintiff ordered non kosher food or accepted non kosher food items from other inmates. During the same time frame that Mr. Chant was ordering the non kosher items he demanded that the jail provide him with a kosher diet. Dkt. 22, (Declaration of Jane Vetto, Exhibits 5, 6, and 8).

In addition, Defendants placed before the Court portions of Plaintiff's deposition showing that Plaintiff does not know the tenets of the Jewish faith, does not know what foods are kosher or what it means to keep kosher. Dkt. 22, (Declaration of Jane Vetto, Exhibit 2, deposition pp. 22- 3). Mr. Chant's failure to present evidence supporting the assertions in his complaint, that he is Jewish and a follower of Judaism, mandates granting Defendants' summary judgment. Where

1 the sincerity of a Plaintiff's beliefs has been challenged and Defendants have come forward with

2 evidence supporting their contentions, Plaintiff may not merely rest on his pleadings. *Anderson*

3 *v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court recommends granting Defendants'

4 Motion for Summary Judgment on Plaintiff's First Amendment claims.

      III.    Eighth Amendment.

Plaintiff states that he considers defendants' actions a violation of his Eighth Amendment rights because he considers it "cruel and unusual punishment to have suffered harrassment [sic] from government employees due to his race and religion." Dkt. 7, p. 5.

The Supreme Court states that:

> …. . Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious," *Wilson, supra*, 501 U.S., at 298, 111 S.Ct., at 2324; *see also Hudson v. McMillian, supra*, 503 U.S., at 5, 112 S.Ct., at 998; a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities," *Rhodes, supra*, 452 U.S., at 347, 101 S.Ct., at 2399. For a claim (like the one here) based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *See Helling, supra*, 509 U.S., at 35, 113 S.Ct., at 2481. (footnote omitted)
>
> The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson*, 501 U.S., at 297, 111 S.Ct., at 2323 (internal quotation marks, emphasis, and citations omitted). To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Ibid.*; *see also id.*, at 302–303, 111 S.Ct., at 2326 *Hudson v. McMillian, supra*, 503 U.S., at 8, 112 S.Ct., at 2480. In prison-conditions cases that state of mind is one of "deliberate indifference" to inmate health or safety, *Wilson, supra*, 501 U.S., at 302–303, 111 S.Ct., at 2326 *see also Helling, supra*, 509 U.S., at 34–35, 113 S.Ct., at 2481; *Hudson v. McMillian, supra*, 503 U.S., at 5, 112 S.Ct., at 998; *Estelle, supra*, 429 U.S., at 106, 97 S.Ct., at 292…

*Farmer v. Brennan* 511 U.S. 825, 834 (1994).

Plaintiff's Eighth Amendment claim fails under either prong of this analysis. Plaintiff's allegation that he was denied a religious diet is not sufficiently serious given Plaintiff's willingness to obtain or eat other food. Further, Plaintiff fails to show any improper motivation

REPORT AND RECOMMENDATION - 7

on the part of Defendants when they questioned the sincerity of Plaintiff's religious beliefs given that he ordered non kosher foods while demanding a kosher diet. Dkt. 22 (Declaration of Jane Vetto, Exhibits 5, 6, and 8). Considering the evidence Defendants placed before the Court, plaintiff fails to show that any defendant harbored an unconstitutional state of mind. The evidence shows plaintiff acting inconsistently and defendants questioning his sincerity. The Court recommends granting Defendants' Motion for Summary Judgment.

IV.   Qualified Immunity.

Under the doctrine of qualified immunity, prison officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known". *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Prison officials are protected by qualified immunity unless they violate clearly established law of which a reasonable person would have known. *Id.* The qualified immunity standard is a generous one. It "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law". *Hunter v Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Because day to day decisions of prison officials are accorded deference by the courts under the principles espoused by *Bell v. Wolfish*, 441 U.S. 520 (1979), these officials are entitled to a corresponding accommodation if a reasonable error in judgment is made. "This accommodation . . . exists because 'officials should not err always on the side of caution' because they fear being sued." *Hunter*, 502 U.S. at 228.

A civil rights plaintiff opposing a claim of qualified immunity must establish the existence of a constitutional violation, clearly established law to support the claim, and that no reasonable official could believe their conduct was lawful. *Pearson v. Callahan*, 555 U.S. 223 (2009); *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

1  The test for qualified immunity is an objective test requiring the plaintiff to prove a reasonable
2  official could not believe his actions were constitutional. *See Act Up!/Portland v. Bagley*, 988
3  F.2d 868, 871 (9th Cir. 1993); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).
4      As the Court has concluded that Mr. Chant has failed to raise material issues of fact
5  relating to his constitutional claims, it is not necessary to address this issue.

## CONCLUSION

7      Defendants have met their burden of demonstrating that there are no genuine issues of
8  material fact and that they are entitled to judgment as a matter of law. Plaintiff has failed in all
9  instances to allege facts sufficient to form a constitutional violation or defeat qualified immunity.
10 Accordingly, the undersigned recommends that the Court **GRANT** Defendants' motion for
11 summary judgment. Dkt. 21.
12     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
13 **fourteen (14)** days from service of this Report and Recommendation to file written objections
14 thereto. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those
15 objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the
16 time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration
17 on April 11, 2014, as noted in the caption.
18     **Dated** this 21 day of March, 2014.

                                            Karen L. Strombom
                                            United States Magistrate Judge